UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKIEA ROBINSON,<br><br>      Plaintiff,<br><br>-against-<br><br>SARENA KELLY; JOHN MASCIMENTO,<br><br>      Defendants. | 24-CV-0625 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Lakiea Robinson, who resides in Bridgeport, Connecticut, brings this action, *pro se*, asserting that Defendants violated her privacy rights. Named as Defendants are Serena Kelly and John Nascimento, who in 2022, were employed at Advanced Rheumatology Center, LLC ("ARC"), located in Bridgeport, Connecticut. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Connecticut.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants shared her private information with Plaintiff's former employer, Coca Cola, without Plaintiff's consent. According to documents attached to the complaint, in 2022, Defendants worked at ARC, which is located in Bridgeport, Connecticut.[1]

Plaintiff does not plead the residence of Defendants, only asserting that the alleged events giving rise to her claims occurred at ARC, located in Connecticut. Because Plaintiff has not alleged that any Defendant resides in this District or that the events giving rise to her claims occurred in this District, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Bridgeport, Connecticut, which is in the District of Connecticut. *See* 28 U.S.C. § 86. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court.

---

[1] Plaintiff attaches a November 17, 2023 notice from the U.S. Equal Employment Opportunity Commission, which appears to relate to her pending action before the Court, *Robinson v. Coca Cola*, ECF 1:23-CV-10552, 3 (LTS) (S.D.N.Y.), where she sues Coca Cola in an employment discrimination lawsuit. This new action is brought against two individuals who were not employed at Coca Cola at the time the events giving rise to her claims occurred.

The Clerk of Court is directed to terminate Plaintiff's motion for the appointment of *pro bono* counsel (ECF 3). This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge